**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
EDWARD MCANNENY               :   Civil No. 3:17CV00012(AWT)
                              :
v.                            :
                              :
SMITH & NEPHEW, INC.          :   December 12, 2017
                              :
------------------------------x
```

<u>**ORDER**</u>

Defendant Smith & Nephew, Inc. ("defendant") has filed a motion seeking a protective order, regarding the noticed deposition of Dr. Andy Weymann. [Doc. #58]. Plaintiff Edward McAnneny ("plaintiff") has filed an objection to defendant's motion, and defendant has filed a reply. [Docs. #61, #63]. For the reasons set forth below, the Court **DENIES** defendant's Motion for Protective Order.

**I.    <u>Background</u>**

Plaintiff noticed the deposition of Dr. Andy Weymann. Dr. Weymann is alleged by defendant to be a citizen of Switzerland, <u>see</u> Doc. #58 at 1, and plaintiff does not dispute this assertion. Plaintiff asserts that he may depose Dr. Weymann by notice, rather than by subpoena and through the Hague Convention, because Dr. Weymann is a "managing agent" of defendant. <u>See</u> Doc. #61 at 9-13. Defendant contends that Dr.

1

Weymann is employed by a separate entity, Smith & Nephew

Orthopedics, AG, and is not a managing agent of, or controlled

by, defendant. See Doc. #58 at 2.

## II. **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets

forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense
> and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to
> relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears

the burden of showing why discovery should be denied." Cole v.

Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn.

2009); see also Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d

Cir. 1992) ("Where the discovery is relevant, the burden is upon

the party seeking ... a protective order to show good cause.")

(quotation marks and internal citations omitted).

Pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, "[t]he court may, for good cause, issue an order to

protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense, including ... forbidding

the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A).

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Rule 30(b)(1) provides that a deposition may be taken by a party upon the provision of "reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to testify pursuant to a notice of deposition." JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 220 F.R.D. 235, 237 (S.D.N.Y. 2004). If an individual is not an officer, director, or managing agent of a corporate party, the deposition may not be compelled by mere issuance of a notice; rather, the witness must be subpoenaed and the Hague Convention may apply if the witness is overseas. See, e.g., United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 413 (S.D.N.Y. 1994).

## III. **Discussion**

Defendant moves for a protective order in response to the Notice of Deposition issued by plaintiff for Dr. Weymann. Defendant contends that Dr. Weymann is not a "managing agent" of defendant corporation and thus is not subject to deposition by mere issuance of a Notice of Deposition. Plaintiff contends that

Dr. Weymann qualifies as a "managing agent" and that the equities weigh in favor of permitting the deposition to proceed.

The test for determining whether a person qualifies as a "managing agent" of a corporate party is a flexible one, and, like most discovery rules, is designed to account for practical and equitable considerations. "As in all matters appertaining to discovery, it is the ends of justice that are to be served." Founding Church of Scientology of Washington, D.C., Inc. v. Webster, 802 F.2d 1448, 1453 (D.C. Cir. 1986).

Plaintiff focuses his argument that Dr. Weymann is a "managing agent" for these purposes on two pieces of information. First, plaintiff points out that Dr. Weymann signed the "Advisory Notice" directed to medical professionals, stating that "Smith & Nephew has determined to inform customers of a potential decline in clinical performance in patients implanted with" the modular femoral head ("MFH") at issue in this litigation. Doc. #61-1 at 2. Dr. Weymann signed this Notice as "Chief Medical Officer, Advance Surgical Devices Division, Smith & Nephew, Inc." Doc. #61-1 at 3. The defendant in this matter is Smith & Nephew, Inc.

Second, plaintiff points to the fact that the registration of Smith & Nephew Orthopaedics AG -- Dr. Weymann's employer -- with the FDA indicates that the "Owner/Operator" of Smith &

Nephew Orthopaedics AG is Smith & Nephew, Inc., the defendant in

this matter. See Doc. #61-1 at 11.

"[A] deponent need not have a formal association with the

corporation, and need not be associated with the corporation at

the time of his deposition, to be deemed its managing agent[.]"

Schindler Elevator Corp. v. Otis Elevator Co., No.

06CV5377(CM)(THK), 2007 WL 1771509, at *3 (S.D.N.Y. June 18,

2007). Rather, courts consider a variety of factors in

evaluating whether an individual should be treated as a

"managing agent" so as to permit him to be deposed upon issuance

of a Notice of Deposition. Courts may consider some, or all, of

the following:

> 1) whether the individual is invested with general
> powers allowing him to exercise judgment and discretion
> in corporate matters; 2) whether the individual can be
> relied upon to give testimony, at his employer's
> request, in response to the demands of the examining
> party; 3) whether any person or persons are employed by
> the corporate employer in positions of higher authority
> than the individual designated in the area regarding
> which the information is sought by the examination; 4)
> the general responsibilities of the individual
> respecting the matters involved in the litigation; and
> 5) whether the individual can be expected to identify
> with the interests of the corporation.

Dubai Islamic Bank v. Citibank, N.A., No. 99CV1930(RMB)(THK),

2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002) (internal

citations and quotation marks omitted). See also Boss Mfg. Co.

v. Hugo Boss AG, No. 97CV8495(SHS)(MHD), 1999 WL 20828, at *3

(S.D.N.Y. Jan. 13, 1999) ("The generally accepted criteria require the court to look to three or five factors.").

Here, the Court finds that the fact that Dr. Weymann signed the Notice regarding the MFH as "Chief Medical Officer" of defendant, coupled with his continued employment with an entity that is, at the very least, related to defendant, is sufficient to satisfy the first, second and fifth factors set forth above. Dr. Weymann's role as "Chief Medical Officer" of Smith & Nephew at the relevant time satisfies the third and fourth factors. "The evidence of [the doctor's] long, intimate relationship and shared interests with [defendant] is more than sufficient to preliminarily conclude that [the doctor] is a managing agent of [defendant]." Schindler Elevator Corp., 2007 WL 1771509, at *8.

Defendant argues that if the Court permits the deposition of Dr. Weymann to go forward based upon a Notice, the deposition should take place in Switzerland or London. The Court disagrees. Dr. Weymann formerly worked in Andover, Massachusetts. See Doc. #61 at 15. "Smith & Nephew, Inc.[] is a Delaware corporation with its principal place of business located in Memphis, Tennessee." Doc. #12 at 2. Plaintiff is a resident of Connecticut, and the injuries alleged occurred in Connecticut. See Doc. #12 at 2, 3-13.

"Corporate defendants are frequently deposed in places other than the location of the principal place of business,

6

especially in the forum, for the convenience of all parties and in the general interests of judicial economy." <u>Sugarhill Records Ltd. v. Motown Record Corp.</u>, 105 F.R.D. 166, 171 (S.D.N.Y. 1985). The Court is confident that the parties can reach agreement regarding an appropriate location for the deposition of Dr. Weymann in the United States, whether that be in Memphis, the Boston area, or here in the forum District. Accordingly, counsel shall meet and confer and attempt to agree upon a location for the deposition in the United States. If no agreement is reached by December 19, 2017, the parties shall file a joint notice on the docket indicating their respective positions, and the Court will set a location for the deposition.

## IV.   <u>Conclusion</u>

For the reasons set forth herein, the Court **DENIES** defendant's Motion for Protective Order. [**Doc. #58**]. Counsel shall confer and determine a mutually agreeable date on which to depose Dr. Weymann, at a location determined by the parties in the United States, before the February 1, 2018, deadline. <u>See</u> Doc. #55.

The Court notes that this ruling does not dictate whether any information obtained in the deposition would be admissible at trial, either on direct examination or for purposes of impeachment, and whether any statements made by Dr. Weymann will bind the defendant.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 12th day of December, 2017.

_____/s/_____

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
